Mary A. Simmons, Plaintiff in Error, vs. T. Harper Bevill, Defendant in Error.

Appellate Practice—Where Service is Made of Void Writ of *Scire Facias ad Audiendum Errores*, and the Defendant in Error Does Not Appear, Writ of Error Dismissed.

Where a *scire facias ad audiendum errores* is made returnable to a day and term of the Appellate Court that had already passed at the date of the issuance of such writ, and the defendant in error served therewith has not subjected himself to the jurisdiction of

Simmons v. Bevill.—Opinion of Court.

the Appellate Court by any manner of appearance, such writ and the service thereof are nullities, and do not give to the Appellate Court jurisdiction over the person of such defendant in error, and the writ of error will be dismissed.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Thomas F. King*, for Plaintiff in Error.

*No Appearance* for Defendant in Error.

PER CURIAM.:

This cause being reached in its regular order on the docket for final consideration, it appears to the court that the writ of error therein was issued on the 2nd day of September, 1895, and made returnable to the second Tuesday in January, A. D. 1896, and that the *scire facias ad audiendum errores* therein served on the defendant in error was issued on the said 2nd day of September, A. D. 1895, but was made returnable to the second Tuesday in January, A. D. 1895, and the said defendant in error not having brought himself within the jurisdiction of this court, by any manner of appearance, and this court not having acquired jurisdiction over the person of the defendant in error, it is hereby ordered that the writ of error in said cause be and the same is hereby dismissed at the cost of the plaintiff in error.